## J. B. Pitts v. The State.

1. **Theft.**—If the owner of personal property be induced, by false representations, to part with the possession of it, but not with his title, and the wrong-doer appropriates the property without the consent of the owner, the offence is theft.

2. **Swindling.**—But if the title to such property be acquired from the owner by false representations, the offence is not theft, but swindling. See the opinion *in extenso* for this distinction between theft and swindling, and for facts illustrative of it.

APPEAL from the District Court of McLennan. Tried below before the Hon. L. C. ALEXANDER.

The opinion discloses the case.

*Clark & Dyer*, for the appellant.

*W. B. Dunham*, for the State.

ECTOR, P. J.  The appellant, J. B. Pitts, was indicted, tried, and convicted by the District Court of McLennan County for the theft of a bay gelding, the property of one J. Robinson.

The evidence, as shown by the statement of facts, is substantially as follows:  J. B. Nixon, on December 9, 1876, took up on his place, in McLennan County, a certain black gelding, which he estrayed.  After having complied with the requirements of the statute in regard to advertising said estray, Nixon loaned the estray gelding to appellant, to be worked by appellant on his (Nixon's) farm, until the time came for Nixon to sell said animal.  In April or May,. 1877, Pitts disappeared from the neighborhood, carrying with him the black gelding.  He went to the store of one J. Robinson, a witness for the State, in the city of Waco, McLennan County, and proposed to trade him the black gelding, which he (Pitts) then had with him, representing that the animal was his property, and that he had worked said black gelding in making his crop of the previous year.

Robinson traded with appellant for the black gelding, giving Pitts a bay gelding (the one named in the indictment) and $20 in money for the black gelding.  Appellant traded the black gelding to Robinson without the knowledge or consent of Nixon.  Soon after appellant carried off the black gelding, Nixon,, finding the animal in the possession

of Robinson, proved this animal and got possession of him from Robinson. Appellant, on the same day he traded with Robinson, sold the bay gelding in the city of Waco. Robinson testified that the bay gelding was his property, which he traded to appellant, and that he would not have given his bay horse and $20, or anything else, to Pitts, but for the representations made by Pitts to him at the time of the trade in regard to the black gelding, and that he has never seen the bay gelding (traded by him to appellant) since the day of the trade.

We believe that the facts proven in this case do not, in law, constitute the offence of theft, but of swindling. It is clear from the evidence that Robinson intended to part with his property, the bay gelding mentioned in the indictment, when he traded him to Pitts. The authorities, in drawing the distinction between the offences of swindling and of theft, all seem to rest such distinction upon the fact as to whether the owner of the property, at the time of parting with it, intended to part with the title, or merely the possession of the property. When the title is parted with by the owner, on false representations to induce the owner to sell, the crime is swindling; and, on the other hand, when the owner does not agree to part with the title, but only the possession of the property, the subsequent appropriation is theft. In the one case the owner, by means of false pretences, has been induced to part, not only with the possession, but with his right of possession in the property itself; and in the other case the owner intended to part only with the possession of the property for temporary uses, without ever intending to part with the property itself. This distinction is clearly drawn between the offences of swindling and theft, by the following authorities: *White* v. *The State*, 11 Texas, 770; *Cline* v. *The State*, 43 Texas, 494; *Wilson* v. *The State*, 1 Port. 126; *Ross* v. *The People*, 5 Hill, 294;

*Murray* v. *Walsh*, 8 Cow. 242 ; 2 Bishop's Cr. Law, 4th ed., secs. 816–818.

The defendant's motion for a new trial in the court below should have been granted. The judgment is reversed and the cause remanded.

*Reversed and remanded.*